HENRY CLAFLIN ET AL. *v.* WILLIAM COGAN ET AL.

In a suit against the principal and sureties on a bond given by a debtor arrested on execution, a discharge of the debtor in bankruptcy after breach of the bond, will not avail the sureties as a defence; and a plea by all the defendants of such discharge is bad on demurrer.

DEBT on bond, dated March 29, 1866, conditioned that William Cogan, the principal, should take the poor debtor's oath. At this term the defendants, as of March term, 1868, pleaded the discharge of William Cogan in bankruptcy. To this plea the plaintiffs demurred generally. The court allowed the demurrer: to which the defendant excepted. A copy of the plea is made part of this case. The plea is as follows:

And now, on the fourth Tuesday of March, 1868, until which time said action was last continued, the said Herman Cogan, Samuel L. Webster and Stephen Cogan, come and defend, &c., when, &c., and say the plaintiffs their action aforesaid against them ought not further to have and maintain, because they say that after the last continuance of said action, to wit, on the twenty-first day of March, 1868, at the city of New York, in the county and State of New York, it was decreed by the District Court of the United States for the Southern District of New York, that the said William Cogan be forever discharged from all debts and claims, which by the Act of Congress establishing a uniform system of bankruptcy throughout the United States, passed the second day of March, 1867, were provable against his estate, and which existed on the fourteenth day of November, 1867, on which day his petition for adjudication was filed by him, and that the said William Cogan at this present term of the court has pleaded his said discharge in bankruptcy, in bar of said action, which has been allowed by the court:

Wherefore the said Herman Cogan, Samuel L. Webster and Stephen Cogan pray judgment, if the said plaintiffs, their action aforesaid there-

of against them, ought further to have and maintain, and for their costs.

*Hibbard* for plaintiffs.

*Eastman* and *Whipple* for defendants.

BELLOWS, J.   The condition of the bond required the debtor to take the poor debtor's oath, and doubtless within one year from the day of his arrest, which must have been on the day of the date of the bond or before.   That date was March 29th, 1866, and therefore unless the debtor took said oath by March 29th, 1867, or surrendered himself at the jail the next day, the bond became absolute.

The plea sets out a discharge in bankruptcy of the debtor, on the 21st day of March, 1868, upon petition filed November 14th, 1867, after the liability of the debtor and his sureties had become fixed by breach of the condition of the bond; and this raises the question whether the subsequent discharge of the debtor in bankruptcy can operate to discharge the sureties.

A discharge in bankruptcy of the debtor before the expiration of the year might in some form relieve the sureties, but this would be upon the ground that such a discharge was equivalent to a surrender, inasmuch as the creditor could not charge him in execution if he *was* delivered up.   In *Goodwin* v. *Stark*, 15 N. H. 218, which was a suit on a bond like the present against a surety, it was decided that the surety could not set up the discharge in bankruptcy of the debtor, obtained before the expiration of the year, in defence of the suit.   The opinion goes upon the ground that the sureties were not discharged even if the debtor was, and doubts were expressed whether a remedy could be had by a stay of proceedings.

In the ordinary case of bail an *exoneratur* will be entered when the surrender of the debtor has become impossible before the bail is fixed; as when the debtor has died, has been transported, impressed into the King's service, sent to the State prison, and the like; and so it is when the surrender of the debtor has become wholly useless through want of legal power in the creditor to take him in execution when surrendered.   *Goodwin* v. *Smith*, 4 N. H. 29, and cases collected; *Nettleton* v. *Billings*, 19 N. H. 453, and cases.   In that case which was *scire facias* against bail, the proceedings, upon motion, were stayed upon payment of costs, when the debtor had obtained a discharge in bankruptcy.

But the bail will not be entitled to this relief when he had become fixed before the happening of the event upon which the claim to relief is founded; *Olcott* v. *Lilley & al*, 4 Johns. Rep. 409; *Wooley & al.* v. *Cobbe & al*, 1 Burr. 244; and so it is laid down in *Goodwin & al.* v. *Smith*, 4 N. H. 32, per Richardson, C. J., and cases cited; *Champion* v. *Noyes*, 2 Mass. Rep. 480.

Upon the same general principles, we think the discharge of the debtor in bankruptcy after the bond has become absolute by breach of condition, cannot avail the sureties as a defence.   After such breach

the right to surrender the principal no longer exists ; and the subsequent death or discharge of the debtor cannot avail the sureties.

If it be conceded that the debtor himself is released by his discharge, and that is supposed to be doubtful in *Goodwin* v. *Stark* before cited, it cannot release the sureties, for it is expressly provided in section 33 of the bankrupt act that " the discharge granted under that act shall not release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, endorser, surety or otherwise."

With these views,

*The exception is overruled.*